IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CARL STEPHEN MOSELEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 6:97CV171 |
| | ) | |
| Warden JAMES B. FRENCH | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

MEMORANDUM

Tilley, Senior District Judge:

The following relates to Petitioner Stephen Moseley's Motion to Lift Stay [Doc. # 92] and Amended Petition for Habeas Corpus [Doc. # 93]. Mr. Moseley has moved the Court to lift an existing stay and reopen the federal habeas corpus review of his case before underlying state court proceedings have been formally completed. Mr. Moseley argues that the state court proceedings have been functionally exhausted. The State responds that, while it does not oppose lifting the stay after completion of the state post-conviction proceedings, such proceedings are not yet complete nor have they been functionally exhausted.

**Procedural History**

This case is presently in capital post-conviction review. Because the case at bar is one of two companion convictions whose procedures are intertwined and

complex, a brief review of the procedural history is set forth below.

## Companion case Completed in Forsyth County

Petitioner Carl Stephen Moseley was convicted and sentenced to death in Forsyth County Superior Court on September 30, 1992 for the murder of Deborah Henley. In that case, relief was denied on direct review, State v. Moseley, 336 N.C. 710, 445 S.E.2d 906 (1994), cert. denied, 513 U.S. 1120 (1995), and on initial state post-conviction review. State v. Moseley, 345 N.C. 645, 483 S.E.2d 716 (1997).

Federal habeas corpus proceedings were initiated, then held in abeyance in light of ongoing state court proceedings. State v. Moseley, No. 1:97CV1239, Doc. # 59 (December 10, 1999) (Tilley, J.)(Memorandum Order). The state court proceedings eventually included statutory post-conviction discovery, appointment of post-conviction counsel, presentation of new claims, an evidentiary hearing, and denial of relief. State v. Moseley, 349 N.C. 372, 525 S.E.2d 187 (November 5, 1998) (writ granted ordering reconsideration of motion for appointment of counsel, and of motion for appropriate relief in light of post-conviction discovery rights under State v. Bates), aff'd, 350 N.C. 845, 539 S.E.2d 2 (July 22, 1999) (denying motion to amend order to provide for reconsideration of an evidentiary hearing into ex parte communications pursuant to State v. McHone, as provided in simultaneous Stokes County order, infra), upon further review, 355 N.C. 352, 562 S.E.2d 428 (2002) (denying amended post-conviction motion after an evidentiary hearing).

Following the conclusion of state court proceedings, this Court and the U.S.

Court of Appeals denied relief on federal habeas corpus review. Moseley v. Polk, 1:97CV01239, 2006 U.S. Dist. LEXIS 79115 (October 26, 2006), aff'd, Moseley v. Branker, 550 F.3d 312 (4th Cir., December 17, 2008). On June 29, 2009, Moseley's certiorari petition was denied by the U.S. Supreme Court. Moseley v. Branker, ___ U.S. ___, 2009 U.S. LEXIS 4897, 77 U.S.L.W. 3708 (U.S. June 29, 2009) (No. 08-10452).

## Stokes County Case

On February 9, 1993, four months after his Forsyth County conviction, Moseley was convicted and sentenced to death in Stokes County Superior Court for the murder of Dorothy Johnson. Relief was denied on direct review, State v. Moseley, 338 N.C. 1, 449 S.E.2d 412 (1994), cert. denied, 514 U.S. 1091 (1995), and on initial state post-conviction review. State v. Moseley, 344 N.C. 635, 477 S.E.2d 49 (1996).

On April 12, 1996, Moseley filed a motion for appropriate relief in Stokes County Superior Court. On July 1, 1996, the motion for appropriate relief was denied on the pleadings. On August 30, 1996, Moseley filed a certiorari petition from this denial in the North Carolina Supreme Court. On October 10, 1996, the North Carolina Supreme Court denied certiorari review.

On October 19, 1997, Moseley returned to Stokes County Superior Court and filed a motion for appointment of counsel and for post-conviction discovery in order to file a second motion for appropriate relief. On 23 October 1997, Moseley filed a supplement to these motions. On December 17, 1997, the superior court denied

Moseley's motions because, by that time, the case was already in federal habeas review. On February 13, 1998, Moseley filed a certiorari petition in the North Carolina Supreme Court from the superior court's denial, and on August 24, 1998, filed a supplement to the petition.

On November 5, 1998, the North Carolina Supreme Court remanded the case to Stokes County Superior Court for reconsideration under two intervening decisions, State v. Bates, 348 N.C. 29, 497 S.E.2d 276 (1998) (dealing with post conviction discovery), and State v. McHone, 343 N.C. 254, 499 S.E.2d 761 (1998) (dealing with evidentiary hearings and a collateral issue of alleged ex parte contact germane to that case). State v. Moseley, ___ N.C. ___, 525 S.E.2d 187 (1998). On 29 November 1998, Moseley filed a motion in the North Carolina Supreme Court to amend its November 5, 1998 order to allow reconsideration of his motion for appointment of counsel in the Stokes County case. On July 22, 1999, the North Carolina Supreme Court entered an order denying Moseley's motion for amendment of its November 5, 1998 remand order to reconsider denial of his motion for appointment of counsel in Stokes County. State v. Moseley, ___ N.C. ___, 539 S.E.2d 2 (1999).

Despite the Bates/McHone remand order from the North Carolina Supreme Court, additional post-conviction proceedings did not commence in state court. Federal habeas corpus proceedings had been initiated on February 28, 1997. [Doc. #s 1-4.] Upon Moseley's motion and over objection by the State, the federal habeas

proceedings were eventually held in abeyance in light of the uncompleted state court proceedings. [Doc. # 82, December 10, 1999 Memorandum Order.] From February 12, 1999 to April 6, 2009, Moseley filed eleven status reports regarding developments in Stokes County Superior Court, but neither side took any affirmative actions and the Stokes County federal habeas case remained dormant. [Doc. #s 77, 79-81, 83-89.]

On May 28, 2009, a status conference was convened during which this Court discussed with counsel the posture of the state court proceedings and the present status of the federal habeas proceedings. On July 10, 2009, Moseley filed a Motion to Lift Stay and an Amended Petition for Writ of Habeas Corpus. [Doc. #s 92-93.] In the Amended Petition Moseley argued that the underlying state court proceedings had been functionally exhausted by the State's failure to prosecute and/or to appoint counsel in the Stokes County case. [Amended Petition, Doc. # 93, pp. 4-7.] Moseley argued that the federal habeas claim, the primary substantive focus of which involved issues relating to the withholding of exculpatory evidence under Brady v. Maryland, should proceed directly. Id. at 24-44.

The State argued that any delay in the Stokes County case was attributable to Petitioner Moseley, and further that additional post-conviction review was unnecessary due to the Forsyth County conviction. [State's Response to Amended Petition, Doc. # 94, pp. 8-9.] The State also indicated that Moseley was attempting to circumvent the limited review mandated by the Anti-Terrorism and Effective Death

Penalty Act.[1]  Id.

On December 14, 2009, another hearing was held, this time focusing specifically on Petitioner Moseley's Motion to Lift Stay [Doc. # 92] and the issue of exhaustion in Stokes County. [Doc. # 97 Notice of Hearing.] The Court sent a Notice of Hearing and made known its intent to inquire into several issues, including the reasons for the delay in completion of the Stokes County state post-conviction process and the possible appointment of counsel for any remaining state court post-conviction proceedings. [Doc. # 97.]

## Discussion

Both parties appear to agree that the post-conviction process had not been formally completed in Stokes County as of December, 2009. The question at the most recent hearing was whether it had been functionally exhausted due to State inaction under the relevant case law and 28 U.S.C. § 2254(b)(1)(B). If exhaustion is found, the stay would be lifted and immediate federal habeas proceedings will ensue. If not, completion of the post-conviction proceedings in Stokes County is required.

---

[1] The standard of review is governed by 28 U.S.C.A. § 2254(d), which restricts review of state court proceedings to those that "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The deferential standard of 2254(d) only applies if the issue under review was actually decided on the merits by the state court. See Fullwood v. Lee, 290 F.3d 663, 675 (4th Cir. 2002). If the issue was not decided on the merits by the state court, review is de novo. Weeks v. Angelone, 176 F.3d 249, 258 (4th Cir. 1999) ("When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits...our review of questions of law and mixed questions of law and fact is de novo."); Douglas v. Workman, 560 F.3d 1156, 1172 (10th Cir. 2009) (Stating Brady materiality was mixed question of law and fact and "[w]hen we are not bound by AEDPA deference, we review de novo the existence of a Brady violation.")

The relevant portion of the statute governing federal review of state prisoners' claims states that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)     (i) there is an absence of available State corrective process; or
>
>        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C.A. § 2254 (b)(1) (2010). Exhaustion is further described in the statute at 28 U.S.C.A. § 2254(c), which provides that "an applicant shall not be deemed to have exhausted [state remedies] . . . if he has the right under the law of the State to raise, <u>by any available procedure</u>, the question presented." (emphasis added).

The exhaustion requirement is not jurisdictional. Instead it has been described as an issue of "comity," allowing federal courts to exercise their discretion to hear a claim, but encouraging courts to allow state procedures to run their course first. <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997). Because the exhaustion requirement is somewhat discretionary, the Supreme Court of the United States "has never strictly construed the requirement that a claim be raised 'by any available procedure'" <u>Baker v. Corcoran</u>, 220 F.3d 276, 288 (4th Cir. 2000) (internal citations omitted). Rather, the standard for whether or not a claim is exhausted depends on whether it has been "fairly presented" to the state's highest court. <u>Evatt</u>, 105 F.3d

at 910-11. An issue has been "fairly presented" when "both the operative facts and the controlling legal principles" have been presented to the state court. Fullwood v. Lee, 290 F.3d 663, 677 n.4 (4th Cir. 2002).

A petitioner need not exhaust state remedies where it is clear that seeking relief in state courts would be futile. Knight v. West Virginia, No. 91-6312, 1992 U.S. App. LEXIS 33640 * 3 (4th Cir. December 28, 1992). A petitioner need not suffer through inordinate delays in state procedures before pursuing federal post-conviction remedies. Burkett v. Cunningham, 826 F.3d 1208, 1218 (3rd Cir. 1987) (Stating that "it is the legal issues that are to be exhausted, not the petitioner."); see also Mucie v. Missouri Dept. of Corrections, 543 F.2d 633, 635-36 (8th Cir. 1976) ("exhaustion is a doctrine of comity and where it appears the state has been unnecessarily and intentionally dilatory…to hold that a petitioner is still precluded from pursuing his remedy in a federal court reduces the Great Writ to a sham and mockery.").[2] The burden of proving exhaustion lies with the petitioner. Evatt, 105 F.3d at 911.

The State has demonstrably delayed the Stokes County process by opposing Mr. Moseley's repeated motions to appoint counsel in Stokes County and opposing Moseley's attempts to obtain his State v. McHone evidentiary review pursuant to the North Carolina Supreme Court's remand order. In fact, the State's explicit intent has been to await Moseley's execution in the related Forsyth County matter as a means

---

[2] Waiver does not appear to be an issue, as the statute is clear that exhaustion is not waived by the State unless there is an explicit waiver. 28 U.S.C.A. § 2254 (b)(3) (2009) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.").

-8-

of avoiding full post-conviction review in the Stokes County case. See Tr. of May 28, 2009 Hearing pp. 13-14 ("My supervisors decided that since we were proceeding in good shape on the Forsyth County case, we would proceed on that case, execute the man and then call the other one moot. If he's not executed, I will proceed in the Stokes County case…if there is a result in [the Forsyth] case, then Moseley is not going to be present for any further litigation, and it would be, frankly, a waste of judicial time and money.") (Attorney for the State of North Carolina).

As problematic as some of the State's actions have been, the record in the case also shows both parties played a significant role in delaying the Stokes County matter. Petitioner Moseley himself repeatedly, and eventually successfully, moved to put the federal case in abeyance. [See Doc. #s 45, 48, 51, 58, 65, 66]. Mr. Moseley seemed content to allow the Stokes County case to lie fallow until the completion of the Forsyth County proceedings. It is not clear that, even absent the State's resistance, the Stokes County case would be any further along than it presently stands. It is therefore held, in accordance with the oral ruling at the December 14 hearing, that the state court post-conviction process has not been functionally exhausted.

The parties were told at the December 14 hearing to take steps towards completion of the Stokes County state post-conviction process. The Court also indicated that further refusal by the State to allow the Stokes County matter to proceed to its conclusion will result in exhaustion and immediate federal habeas

corpus review. On January 10, 2010, the State filed a copy of a Consent Order that was filed with the Stokes County Superior Court. [Doc. # 100 Attachment 1.] The Consent Order acknowledged changes in North Carolina law entitling Mr. Moseley to the appointment of counsel and requested that the Superior Court appoint the Office of Indigent Defense Services ("IDS") for the purpose of appointing counsel for Mr. Moseley in the Stokes County matter.

On March 27, 2010, Mr. Moseley filed a Status Report indicating that, pursuant to the Consent Order, IDS had appointed Mssrs. Paul Green and Jonathon Broun (Moseley's appointed post-conviction counsel in the Forsyth County case as well as this habeas petition) as post-conviction counsel for the Stokes County Case. [Doc. # 101.] The Status Report further indicated that Mssrs. Broun and Green had filed a new Motion for Appropriate Relief in the Stokes County case. Id.

As a procedural matter the original stay has now been lifted and a new stay reimposed. For the purposes of the December 14, 2009 hearing the original stay was lifted for the limited purpose of briefing and hearing the issues heard on December 14, 2009. An ORDER reflecting the lifting of the stay for this limited purpose will be filed contemporaneously herewith. Those matters having been heard, the new stay is imposed pending the completion of state post-conviction procedures in Stokes County, or until such time as state court proceedings have been functionally or otherwise exhausted. An ORDER imposing such a stay shall also be filed contemporaneously herewith and the matter is HELD IN ABEYANCE pending the

outcome of the state court proceedings.

This the 13th the day of April, 2010.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge